Burke I. Burke, J.
This is a motion to inspect any and all ex parte orders for eavesdropping granted with respect to petitioner who was indicted by an Erie County Grand Jury on or about January 5, 1961, and charged with the crimes of bookmaking and conspiring to engage in the crime of book-making, in violations of sections 580 and 986 of the Penal Law.
Petitioner’s application is based upon statements, allegedly made by an Assistant District Attorney and a State police officer, that telephones used by him had been tapped. Although *860 this motion refers to no particular case, petitioner seeks an examination to determine whether the requirements of section 813-a and/or 813-b of the Code of Criminal Procedure were fulfilled in order to lay the foundation for a timely motion to suppress evidence illegally obtained, if such can be maintained, before trial.
In the Federal courts a motion to suppress generally must be made in advance of trial, unless the accused did not possess adequate knowledge to make the claim. (Nardone v. United States, 308 U. S. 338.) This does not mean necessarily that a Judge must pass on the merits of the motion prior to trial. In United States v. Gruber (39 F. Supp. 291, 295) a Federal District Court, denying a motion to suppress prior to trial, said, ‘ ‘ at this time * * * there is no way of telling whether or not the government intends to use any evidence it might have received by wire-tapping.” Lower court Few York State decisions on the proposition are not uniform.
In this proceeding petitioner asks to inspect orders, believed to exist, copies of which may be in the possession of the several Erie County Judges and of unnumbered Supreme Court Justices, and the originals, if any, of which may be in the possession of the Erie County District Attorney and/or other law enforcement officers. If the relief asked were granted, the order would lack certainty and read in substance like the words of the childhood game, “ Come out, come out, wherever you are.”
There is the further proposition to be considered whether evidence obtained in violation of Federal law, such as the Federal Communications Act, and not directly unconstitutional conduct, also is inadmissable in a State court.
The recent decision by the United States Court of Appeals for the Second Circuit in Williams v. Ball (294 F. 2d 94), an action for a declaratory judgment and an injunction against a State court prosecution (decided Aug. 31, 1961), held (p. 95) that “ a claim of conflict between a state statute and an overriding Federal statute, here § 605 of the Federal Communications Act, * * * is not a claim of ‘ unconstitutionality ’ ”.
The court said (p. 96): “ We find no basis in Mapp [v. Ohio] for extending its application to a state’s receiving evidence the divulgenee of which would violate a Federal statute.”
For the reasons stated the present motion is denied. If deemed advisable a similar application may be made at the time of trial.