Abraham N. Geller, J.
Defendant has moved for alternative relief with respect to the indictment charging him with 38 counts of conspiracy and bribery of basketball players, as follows: (1) permitting an inspection of the Grand Jury minutes for the purpose of dismissing the indictment (2) suppressing the evidence presented before the Grand Jury; (3) setting the matter down for a preliminary hearing to show that the source of the evidence presented to the Grand Jury, though it may be legal on its face, was illegally obtained; (4) requiring the District Attorney to file a bill of particulars in accordance with the annexed demand.
There was no preliminary hearing in this case.
The basis of defendant’s motion appears to be the following claims: that at the time of his arrest the detectives, despite the fact that they had no search warrant, broke open the glove compartment of his automobile, seized his wallet, which was contained therein, and took therefrom memoranda including telephone numbers and addresses; that from their interrogation of him, newspaper accounts, and the language of the indictment itself he infers that the indictment was based on evidence procured as a result of telephone wire tapping in conjunction with the material obtained from his wallet.
A reading of the Grand Jury minutes discloses that none of the papers seized was offered in evidence and that no wire-tap evidence was presented.
This fact does not by itself render defendant’s contentions invalid. Under the Federal rule it is not merely the evidence so acquired, but also the evidence derivatively obtained by means of or through such evidence (“ the fruit of the poisonous tree ”), which cannot be used. (Silverthorne Lbr. Co. v. United States, 251 U. S. 385; Nardone v. United States, 308 U. S. 338.) The prosecution may, however, rely on evidence obtained from an independent source.
The question remains as to whether any violation of defendant’s rights was here committed, which, under applicable New York law construed in the light of Mapp v. Ohio (367 U. S. 643 *507 [June 19, 1961]) would require the court to suppress the evidence so obtained.
The first issue — as to the search of the glove compartment and the seizure of memoranda — has been only vaguely referred to in defendant’s papers. He does not directly assert the invalidity of his arrest. If the arrest was lawful, determined by reference to State law (Code Grim. Pro., § 177, in this case), a reasonable search incident to the arrest was lawful. (Agnello v. United States, 269 U. S. 20.) The motion with respect to this phase of defendant’s contention must be denied on the present showing, which fails to state a sufficient ground upon which a finding of an illegal search and seizure can be made, with leave to renew upon proper papers the motion as to this portion of defendant’s claim before the Trial Judge in advance of trial, if defendant be so advised.
The second issue — as to the evidence allegedly obtained as the result of wire tapping — appears from defendant’s papers to be the real issue in this case. Defendant’s argument is that the impact of Mapp requires a reversal not only of the rule in this State admitting evidence obtained by unlawful search and seizure, but also of the rule that evidence procured as a result of wire tapping is admissible in our courts.
There is, of course, a distinction between search-and-seizure and wire tapping, arising from the source of authority embodying the right secured. The right to be secure against unreasonable searches and seizures stems from the Constitution (the 4th Arndt, of the Bill of Rights), while it is only a statute (Federal Communications Act, § 605) which forbids interception of a telephone communication and its divulgence.
In fact, section 605 of title 47 of the United States Code was enacted in 1934 because the Supreme Court in Olmstead v. United States (277 U. S. 438 [1928]) had held that wire tapping, even by Federal agents, if accomplished without trespass upon defendant’s property, did not violate the Fourth Amendment and therefore that evidence procured by wire tapping was properly admitted in a Federal court. Subsequent cases in the Supreme Court applied the exclusionary rule in the case of wire-tap evidence on the basis of the Federal statute only to Federal trials. Although it held that wire-tap evidence procured by a State officer acting under court order pursuant to State law is not admissible in a Federal trial (Benanti v. United States, 355 U. S. 96 [1957]), it also affirmed a conviction in a State court based on wire-tap evidence procured by State officers, stating that section 605 ‘‘ does not exclude such evidence *508 in a state court ” (Schwartz v. Texas, 344 U. S. 199, 203 [1952]). It has been expressly stated that State courts may adopt rules of evidence, so long as no violation of the Federal Constitution is involved. (Stein v. New York, 346 U. S. 156, 187-188.)
In view of the reference in Benanti to the finding that Congress ‘ ‘ did not mean to allow state legislation which would contradict ” section 605 (p. 105), a similar contention to that advanced by this defendant was raised shortly after that case, i.e., that the decision of the Supreme Court required a reversal of the New York rule admitting in our courts evidence procured as the result of wire tapping. But People v. Dinan (7 A D 2d 119, affd. 6 N Y 2d 715, cert, denied 361 U. S. 839 [1959]) directly held that the New York rule should be adhered to despite the fact that requiring a witness to testify as to wire taps might force him into a Federal criminal violation of section 605 (although acknowledging that such consideration might justify a refusal to grant a wire-tap order under section 813-a of the Code of Criminal Procedure), thus reaffirming that every position taken in People v. Saperstein (2 N Y 2d 210, cert, denied 353 U. S. 946 [1957]). The Appellate Division in Dinan concluded its review of the New York cases adhering to the rule with the statement that if there was to be judicial change of the rule, as urged by that defendant, it was a matter for the Court of Appeals. By its subsequent affirmance of Dinan the Court of Appeals showed that there was to be no change in the rule.
This year, in Pugach v. Dollinger (365 U. S. 458 [Feb. 27, 1961]), the Supreme Court declined to enjoin State officials from introducing wire-tap evidence on a State trial. The Per Curiam opinion cited two cases, one of which was Schwartz v. Texas (344 U. S. 199, supra) which had held that section 605 did not exclude in a State court evidence procured by wire tapping.
Thus, prior to Mapp, it was clear that, despite the prohibition of section 605, the Supreme Court recognized the right of State courts to admit wire-tap evidence.
It is equally clear from a reading of the Mapp decision that it was explicitly limited to cases of unreasonable searches and seizures in violation of the Fourth Amendment. The heart of the decision and the point for which it stands was compressed in the following precise statement: “We hold that all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court.” (367 U. S. 643, 655.)
It must, therefore, be concluded that Mapp does not require a reversal of the New York rule with respect to wire-tap *509 evidence; and once again, if there is to be a judicial change in the rule, that is a matter for the Court of Appeals.
Accordingly, defendant’s motion, insofar as it is concerned with this subject of wire-tap evidence, is denied.
The final branch of the motion is defendant’s demand for a bill of particulars. He requests as to each of counts “ Second ” through “Thirty-eighth”: the date and place of each act of alleged bribery; whether written or oral and if written, a copy, and if oral, the substance thereof; the particular acts occurring in New York County; and the true names and addresses of the parties to the alleged bribery.
This is a long-form indictment pursuant to section 276 of the Code of Criminal Procedure. While a proper limited bill of particulars may be ordered in the case of such an indictment, section 295-g of the code, which deals with the matter of a bill of particulars, has reference only to simplified indictments containing merely the title and a bare statement of the crime with which defendant is charged (Code Crim. Pro., § 295-b). Obviously, defendant is entitled as a matter of right to have a bill of particulars in the latter situation; while his request as to the former should be carefully scrutinized to give him only such particulars with regard to the nature and character of the crime as may be necessary to legitimately prepare his defense without giving him, in effect, a preview of the People’s evidence. (People v. Jordan, 128 N. Y. S. 2d 457.)
Each of the pertinent counts alleges that in the County of New York between specified dates defendant either “ offered, promised and gave ” or “ offered and promised ” a specified sum to a named basketball player on a specified team playing at a specified game with intent that he should try to lose, to lose, cause to be lost or limit his team’s margin of victory in said game.
Except with respect to the matter of dates in certain of the counts, hereinafter discussed, the indictment gives the defendant adequate information to prepare his defense.
Since the indictment indicates that the place of the commission of the crime as to each count is New York County, that is a sufficient allegation (Code Crim. Pro., § 284) and defendant is generally not entitled to a specification of the exact address. (People v. Rubin, 170 Misc. 969; People v. Parkinson, 181 Misc. 603.) The argument that defendant requires greater specification because, if the felonies were committed by means of interstate telephone communication, he might be subjected to double jeopardy, is irrelevant. The same result will follow regardless *510 of the particular places within the County of New York which may be the places of the crimes charged in the various counts.
Defendant is not entitled to know whether the People’s claim is based on a written or oral offer of bribery or the details thereof. This is not a civil contract action, when such particulars would be proper. Here, as well as in the remaining items of the demand, defendant is really asking for the evidence in a criminal case.
Concerning the dates, however, defendant is entitled to particularization with respect to those counts (2, 4, 6, 7, 8, 10, 11, 12, 14, 16, 17, 21, 25, 28, 31, 32, 34, 37, 38) which allege that he “ offered, promised and gave,” advising him of the date or dates when it is claimed that he “ gave,” as distinct from the offer or promise of, the sum therein specified. He is also entitled to be informed of the dates or approximate dates when he is alleged to have “ offered and promised ” with respect to those counts (4, 5, 6, 8, 10, 12, 13, 14, 16, 17, 18, 19, 20, 26, 28, 29, 30) whose span of encompassed dates when such acts are alleged to have been performed is a rather large one.
The motion is accordingly denied in all respects except to the extent indicated on defendant’s demand for a bill. Settle order on notice providing for service of a bill within one week from service of a copy of the order to be entered hereon.
(Supplemental decision.)
With respect to the branch of the motion made by defendant for a bill of particulars, there was an inadvertent omission of counts 9 and 27 from the second group of counts as to which the dates or approximate dates of defendant’s alleged offer or promise were to be furnished in the limited bill directed to be served. The decision (31 Misc 2d 486, 510) required particularization of dates only as to those counts which alleged that defendant between certain dates “ offered, promised and gave ” (the date or dates of the alleged giving to be furnished) and as to those counts which alleged that between certain widespread dates he “ offered and promised ” the alleged bribes. It was not intended to require particularization of dates with respect to those counts which alleged that between certain short-term dates defendant only “ offered and promised” the alleged bribes. The decision is accordingly amended to incorporate counts 9 and 27 within the second group of counts referred to therein.