George A. Arkwright, J.
Defendant moves for an order vacating and setting aside an order of this court dated July 28, 1960, which order authorized the interception of telephone communications upon a certain telephone number listed under the name of the defendant, Carl I. Cohen, for the apparent purpose of obtaining information concerning defendant’s activities in relation to the crime of abortion; and for a further order directing a hearing to determine whether there was compliance with the mandates of section 813-a of the Code of Criminal Procedure of the State of New York.
Section 813-a of the Code of Criminal Procedure provides, in part, that “ An ex parte order for eavesdropping as defined in subdivisions one and two of section seven hundred thirty eight of the penal law may be issued by any justice of the supreme *159 court * * * upon oath or affirmation of a district attorney, or of the attorney-general or of an officer above the rank of sergeant of any police department of the state or of any political ■subdivision thereof, that there is reasonable ground to believe that evidence of crime may be thus obtained, and particularly describing the person or persons whose communications, conversations or discussions are to be overhead [sic] or recorded and the purpose thereof, and, in the case of a telegraphic or telephonic communication, identifying the particular telephone number or telegraph line involved. In connection with the issuance of such an order the justice or judge may examine on oath the applicant and any other witness he may produce and shall satisfy himself of the existence of reasonable grounds for the granting of such application.”
The only supporting affidavit on the instant application is that of the attorney for the defendant. He and his client admittedly have no knowledge of what was contained in the affidavits submitted on the original application but argue that on defendant’s arraignment in the Felony Court, where he was charged with the crime of abortion, the District Attorney stated that the defendant has been under surveillance for a substantial period of time and that many women had been interviewed, each of whom denied having been aborted, and that the conclusion is inescapable that the failure of the District Attorney through investigation to obtain evidence against the defendant could not support the ex parte order which authorized the wire tap.
With this conclusion, I do not agree as it is quite apparent that the information supplied the court and upon which the court acted may not have been limited to the knowledge of the women above referred to.
Based, however, upon the above reasoning, the defendant seeks a hearing to determine whether the information submitted to the court was legally sufficient to support the said ex parte order.
The essence of the application is that no sufficient proof was submitted to the court establishing reasonable ground for believing that evidence of the crime might be obtained pursuant to the said statute and that the order was improperly issued.
It must be clear that orders under section 813-a of the Code of Criminal Procedure and the supporting affidavits thereof must be surrounded with such secrecy as is necessary to effectuate the intent of the statute. Were it otherwise the statute would be useless. In the application, the Judge issuing the order is vested by said statute with the authority to examine on oath the applicant and the witnesses he may produce, if he so desires, to satisfy himself of the existence of reasonable grounds for the *160 granting of such application. It must be presumed that in issuing the order the issuing Justice exercised sound discretion and that the order was issued upon the sufficient proof required.
Although the code, as is conceded, contains no provision for a review of the original order, it is not likely that it will be here argued that on a proper application, a Justice could not reconsider or vacate his own order. In a situation where a Justice has been retired for age, has resigned or is deceased, a circumstance applicable here, a different problem arises. In a hypothetical case, should it be discovered that perjury had been committed in the affidavits supporting the original application; or should an affiant since making an affidavit discover that he had been in error; or should some other equally cogent reason present itself, a reconsideration certainly would be proper and necessary in the interests of justice. The authority to review the order in those cases is inherent in the court. No such situation has been presented here. The application is denied in tofo.