Julius Helfand, J.
Defendant, indicted for crimes of abortion, moves, in his own words, ‘1 to determine whether there has been a violation of section 813-a of the Code of Criminal *434 Procedure for the purpose of enforcing the statutory mandate of section 4506 of the Civil Practice Law and Buies which provides that evidence obtained by means of eavesdropping without a court order shall be inadmissible in criminal proceedings. ’ ’
It will be immediately noted that the defendant makes no assertion that section 813-a has in fact been violated. The hypothetical form in which his motion is couched is therefore an admission that its purpose is to ascertain a fact or, to use the customary phrase, to embark upon a fishing expedition.
The motion could therefore well be denied upon this ground alone. The court, however, prefers to treat the proceeding on the basis of the law as it has heretofore been established. Inherent in the motion is the contention that there exists a right in one whose telephone has been tapped pursuant to order under section 813-a to determine whether or not the judicial discretion of the court which issued the order was properly exercised. This is tantamount to a contention that a Justice of this court may sit in review of the action of a Justice of co-ordinate jurisdiction in the exercise of judicial discretion. If the matter were one of first instance, this court would immediately reject the contention. There is, however, authority in the court for such rejection. In People v. Cohen (41 Misc 2d 158) a similar argument was offered to Mr. Justice Arkwright and was rejected by him. The defendant’s appeal was dismissed by the Appellate Division of this Department (N. Y. L. J., April 18, 1963, p. 16, col. 5) and leave to appeal to the Court of Appeals was denied both by Furd, J., on July 10, 1963 and by the court en lane (13 N Y 2d 595).- This court is sustained by these decisions. Section 813-a, in the opinion of the court, offends no provision of the Federal Constitution. The United States Supreme Court explicitly held in Olmstead v. United States (277 U. S. 438) that telephone wire tapping violates neither the Fourth nor the Fifth Amendment. Such Federal prohibition as does exist arises by virtue of section 605 of title 47 of the United States Code (Federal Communications Act). As late as Schwartz v. Texas (344 U. S. 199) the Supreme Court refused to impose section 605 upon the several States. Benanti v. United States (355 U. S. 96, 99) did not, as is sometimes asserted, change the Schwartz ruling. Indeed, the court specifically stated: “We do not reach the constitutional question as this case can be determined under the .statute.” Our own Court of Appeals has so construed Benanti in People v. Dinan (11 N Y 2d 350) and in Binan has explicitly rejected the argument that Mapp v. Ohio (367 U. S. 643) by inference requires *435 a holding that Schwarts v. Texas (supra) has been overruled by Benanti. The United States Court of Appeals for the Second Circuit has also explicitly held in United States ex rel. Graziano v. McMann (275 F. 2d 284 [1960]) that neither section 605 nor any Federal constitutional provision bars the implementation of section 813-a by a court order.
It is, of course, obviously futile for the defendant to urge that either section 813-a or any order issued pursuant thereto is in violation of our own State Constitution (art. I, § 12) since Dinan (supra) represents a construction of that section which permits the issuance of such order when supported by the oath or affirmation therein described.
In sum, the motion is subject to the two several defects that (1) it is at most an attempt to ascertain a fact without an assertion that the fact exists, and (2) it is plain inference based upon an abortive and futile attack upon a constitutional statute.
The motion is therefore denied.