Mitchell D. Schweitzer, J.
This defendant has been indicted for the crime of perjury in the first degree. The indictment charges in substance that he gave false testimony of a material nature to a Grand Jury which was investigating whether there was a conspiracy to commit the crimes of bribery and taking unlawful feels in connection with matters pending before the New York State Liquor Authority.
The instant motion — made, it should be noted, before a motion part of this court — is for discovery and inspection of any eavesdropping evidence which may have been used before the Grand Jury, for its suppression and for a bill of particulars. A prior motion to inspect the Grand Jury minutes was made on essentially the same grounds as are urged herein and was denied.
The sole factual allegation which the defendant urges in support of his motion is that the conversation with his former attorney about which he is alleged to have lied to the Grand Jury took place without any witnesses to it. Since under New York law, there must either be two witnesses to support a charge of perjury, or strong corrobarative evidence of the testimony of one witness, the defendant infers that the District Attorney must have presented evidence to the Grand Jury gained by electronic eavesdropping of his conversation with his attorney.
Citing recent United States Supreme Court cases concerning electronic eavesdropping and recent New York Court of Appeals *123 cases concerning eavesdropping on conversations between attorney and client, the defendant argues that -such evidence is illegal and unconstitutional and that, therefore, it must be suppressed.
The District Attorney’s position on this motion is that, in effect, the defendant seeks pretrial discovery and such a remedy is not available in a criminal case. Moreover, the District Attorney alleges that the evidence used in this case was legally obtained and there has been no infringement of the defendant’s constitutional rights.
This motion raises numerous provocative questions concerning the constitutionality of electronic eavesdropping, both generally and in the context of this prosecution in particular. I do not reach these questions, however, since I am persuaded that the defendant has chosen the improper forum for the resolution of these issues. They should be resolved in the trial pant of this court, and not the motion part. (Cf. People v. Gonzales, 31 Misc 2d 486; see, also, Code Grim. Pro., § 813-e; Costello v. United States, 350 U. S. 359.)
There is simply no controlling authority in this State, in either precedent or statute, for such sweeping relief as is sought herein. (See People ex rel. Lemon v. Supreme Court, 245 N. Y. 24; cf. United States v. Garsson, 291 F. 646, 649; State v. Tune, 13 N. J. 203.) In the Lemon case, Judge Cardozo undertook an exhaustive review of the common-law availability of discovery in criminal cases. Although he found the “ glimmerings of such a doctrine ” in other jurisdictions, he concluded that “ A search of precedents in this State yields results that are largely negative ” (p. 32). In the Federal courts, although discovery is granted by statute, it is limited to books, papers, documents or tangible objects obtained from or belonging to the defendant or obtained from others by seizure or by process (Fed. Buies Grim. Pro., rule 16).
Significantly, the Legislature of this State has found no warrant for enacting even such a limited discovery proceeding in this State,
Discovery, in many instances, serves no other purpose than “ prying into the case of one’s opponent ” (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 34, supra). In other cases, in Chief Judge Vanderbilt’s words, it “ will lead not to honest fact-finding, but on the contrary to perjury and the suppression of evidence ” (State v. Tune, 13 N. J. 203, 210). For these reasons, and absent any controlling precedent or statute, I am not prepared to announce a general rule of discovery in criminal cases. Nor am I persuaded that the exigencies of defense *124 require discovery under the limited circumstances of this case. (Of. Orfield, Criminal Procedure From Arrest to Appeal [1947], pp. 331-332.) If what the defendant suspects happened in this case really did happen, he will not suffer any undue prejudice awuiting trial before discovering the eavesdropping evidence.
Looking at the defendant’s motion in its most limited sense, as a motion to suppress eavesdropping evidence, it is likewise without merit. It is to be noted that, although the Legislature has provided a statutory method for suppressing evidence of a tangible nature gained by an unlawful search and seizure (Code Grim. Pro., § 813-c), no comparable provision is to be found relating to evidence gained by eavesdropping. Noting this, most courts, before whom the question has been raised, have denied applications to controvert judicial orders authorizing eavesdropping or to suppress evidence gained as a result of such orders. (See, e.g., People v. Scarclaccione, 41 Misc 2d 433; People v. Cohen, 41 Misc 2d 158, app. dsmd. N. Y. L. J., April 18, 1963, p. 16, col. 5, mot. for lv. to app. den. 13 N Y 2d 595 [en banc], cert. den. 375 U. S. 985; People v. Osterman, N. Y. L. J., Feb. 21, 1964, p. 18, col. 6 [Supreme Ct., New York County]; Matter of Shafer, 31 Misc 2d 859, app. dsmd. 18 A D 2d 766.) The holding of these cases is sound and I rely upon them in denying the present motion. In doing so, I am not unaware of the decision in People v. Cohen (42 Misc 2d 403).
In this regard, it is significant to note that a direct application to the Appellate Division, First Department, made purportedly under certain sections of the Civil Practice Law and Buies for a pretrial hearing to determine the existence and validity of alleged eavesdropping orders, was denied without opinion. (Siegel v. People, 21 A D 2d 755.)
It should be noted, however, that even if the defendant is correct in arguing that Silverman v. United States (365 U. S. 505) brings electronic eavesdropping within the constitutional protections of the Fourth Amendment, the relief he seeks herein must be denied. The defendant’s argument is that the holding of the Silverman case condemns certain types of electronic eavesdropping as constituting an illegal search and seizure. Furthermore, he argues, section 813-c gives “ A person claiming to be aggrieved by an unlawful search and seizure ” the right to make a motion to suppress evidence illegally seized. On these two premises, he concludes that his motion herein falls within section 813-c.
Without passing on the issue as raised in this case, because, obviously, in the view I take it is not before me, there seems little doubt after the Silverman case that electronic eavesdropping *125 is constitutionally proscribed in the absence of a warrant. From this, it would follow that a defendant must be provided an opportunity to urge the unconstitutionality of any eavesdropping evidence which is to be used against him. It does not follow, however, that the defendant must be given such an opportunity by way of a motion before a motion part of this court, to seek the relief he requests herein.
In People v. Gonzales (31 Misc 2d 486) Justice Geller, of this court, was faced with a comparable problem to the one raised herein. Mapp v. Ohio (367 U. S. 643) had recently been decided and a defendant, relying on that ease, made a motion, in the motion part, to suppress illegally seized evidence. The Legislature had not yet enacted section 813-e which presently prescribes the method by which suppression of illegally seized evidence must be raised. Under these circumstances, and pending legislative direction in the matter, the court had to decide “ the proper manner of handling and disposition of [motions to suppress under Mapp v. Ohio] ” (31 Misc 2d 486, 490).
It was Justice (teller’s conclusion — after extended analysis of the practical and procedural problems involved — that “ The nature and volume of the work in [a motion part of a criminal court] precludes prompt attention to motions to suppress requiring the holding of hearings ” (pp. 490-491).*
It is to be noted that in enacting legislation to provide a procedural method for raising the suppression issue, the Legislature likewise expressly provided that, where an indictment has already been had, ‘ ‘ the motion shall be made in the court having trial jurisdiction of such indictment ” (Code Grim. Pro., § 813-e, emphasis supplied). Although I recognize that the Legislature was concerned with jurisdiction of courts, rather than proper venue in a part within a given court, I am persuaded that, in deciding that the motion should be brought in a trial court, it was impressed with the same considerations of administrative ease and practicality as was Justice (teller in the Gonzales case.
Unlike the Gonzales case, in which it was apparent on the face of the motion papers that there were no issues of fact to be resolved, the papers herein raise serious and substantial issues of fact. Therefore, if a hearing must be had under the Silverman case to determine whether the eavesdropping evidence alleged to be in the District Attorney’s possession involves an invasion of the defendant’s rights, the motion herein must be denied because it is brought in a motion part rather than a *126 trial part of the court. This conclusion is dictated by considerations of administrative and procedural ease, no less than by an interest in the speedy determination of defendant’s claim.
Furthermore, this conclusion is supported by the same reasons of policy on which the United States Supreme Court relied in denying a defendant a right, either under the Constitution or a rule of the court, to challenge an indictment before trial on the ground that it rested on inadequate or incompetent evidence. (See Costello v. United States, 350 U. S. 359, supra.) The court said in the Costello case that the result of granting the right “would be that before trial on the merits a defendant could always insist on a kind of preliminary trial ” (p. 363) and that “ Neither justice nor the concept of fair trial requires such a [rule] ” (p. 364). In conclusion, the court declared: “ Defendants are not entitled * * * to a rule which would result in interminable delay but add nothing to the assurance of a fair trial ” (p. 364).
In this State, we grant a defendant the right to have the Grand Jury minutes examined to determine whether, on their face, there is sufficient evidence to make out a crime. There is no reason to go further and allow defendants the right to controvert, before trial, the constitutionality of evidence used before the Grand Jury. To do so would only “ result in interminable delay but add nothing to the assurance of a fair trial. ’ ’
In sum, since there is no general right to discovery in this State and since the defendant will suffer no undue prejudice in awaiting trial before challenging the constitutionality of eavesdropping evidence which he supposes will be used against him, his motion to discover and suppress is denied.
His motion for a bill of particulars is also denied since there is no foundation for it. The requested items in the defendant’s moving papers are all of an evidentiary nature. It is a well-established principle of law that the purpose of a bill of particulars in a criminal case is not to enable the defendant to examine the People’s evidence but merely to give the defendant and the court reasonable information as to the nature and character of the crime charged. (People v. Spina, 14 A D 2d 505; People v. Wagman, 31 Misc 2d 505; People v. Jordan, 128 N. Y. S. 2d 457; Code Crim. Pro., §§ 295-g, 295-h.)
The defendant’s application for a copy of his testimony before the Grand Jury is granted (see People v. Kresel, 142 Misc. 88). The Grand Jury stenographer is directed to turn over to defense counsel a copy of such testimony upon payment of the proper legal fees.

 Since in the case before him, however, there were no controverted facts requiring a hearing, the motion to suppress the evidence was granted, and the indictment was dismissed.