Francis J. Donovan, J.
On defendants’ application after impaneling of the jury, a hearing was held before the court alone to consider the validity of an order of a County Judge which had authorized interception of communications transmitted over a telephone listed in the name of defendant, Inzerillo.
Defendants contend: (1) The District Court lacks power or jurisdiction to review or examine a wiretap order of a County Judge and must therefore refer the matter to the County Court for such purpose; (2) that the order is invalid for insufficiency of the affidavit and petition on which it was granted; (3) the order and the interception pursuant thereto constituted a violation of the defendants ’ constitutional rights.
The lack of clear and binding precedent seriously impedes the expeditious trial of vice cases in this court, yet the problems presented seem capable of solution within the framework of orthodox legal concepts.
I.
May the District Court at a trial consider the propriety of a wiretap order theretofore issued by a County Judge! That *359 there must he some opportunity to inquire into its validity seems apparent (cf. People v. Cohen, 41 Misc 2d 158; People v. Cohen, 42 Misc 2d 403; People v. Cohen, 24 A D 2d 900).
Where or when shall such an inquiry take place Í The statute (Code Crim. Pro., § 813-a) contemplates no such inquiry. Are we to stop the trial and hold the jury in the wings indefinitely while the defendant makes a motion in the County Court? The practical administration of justice indicates that the trial court is the place where the objection should be raised and determined (cf. People v. Golly, 43 Misc 2d 122, 125).
There is nothing novel in permitting such an inquiry. It is neither necessary nor proper for the District Court Judge to sit in review of tiie discretion of a County or Supreme Court Judge. However, where the determination of a question before the District Court involves a question of the jurisdiction of another court, the District Court must determine the question.
The jurisdiction of a Judge or court over the subject matter is always and everywhere subject to an attack. The attack may be direct or collateral. (Sullivan v. Hudson Nav. Co., 182 App. Div. 152, affd. sub nom. Matter of Doey v. Howland Co., 224 N. Y. 30, sub nom. Mniter of Anderson v. Johnson Lighterage Co., 224 N. Y. 539, mot. for rearg. den. 234 N. Y. 537.)
A reference to the County Court is neither necessary nor in the interest of orderly procedure. This court Avill consider the jurisdiction of the County Judge in making the order of April 1, 1965. If the statutory requirements were met, he had jurisdiction and the order is effective. If the statutory conditions were not met, the order is void and the evidence obtained pursuant thereto will be excluded.
II.
The only serious contention of failure to meet the statutory condition is that ‘ ‘ reasonable ground to believe that evidence of crime may be thus obtained” Avas not established by the petition and affidavit. The crux of the matter concerns the following paragraphs of the affidavit of the Police Captain:
“ That petitioner’s informant, Patrolman Steinberg, did relate to him that he, Patrolman Steinberg, had interviewed an individual Avho stated that he had made arrangements with a male named ‘ Phil' by calling the telephone number 43 1-9838 and was told that for a fee of $10.00 a female would be furnished for the purposes of sexual intercourse. The individual further related that he went to the promises of Apartment 10-A at 340 Bast Broadway, Long Beach, Ncav York, and Avithin the premises did pay the fee of $10.00 and did have sexual relations with an unknown female.
*360 “ Your petitioner has checked the number 43 1-9838 with the records of the New York Telephone Company and found that the numbers set forth above do in fact identify a telephone, the number of which is GE 1-9838 and that the instrument is located within Apartment 10-A, 340 East Broadway, City of Long Beach, County of Nassau, New York.”
For the purpose of this argument we accept the proposition that the affidavits submitted to the Judge must contain facts as distinguished from mere conclusions or suspicions. The affidavit above quoted sets forth such facts. No more is needed to confirm jurisdiction on the County Judge.
People v. Beshany (43 Misc 2d 521) seems to indicate that an attack on a wiretap order involves a weighing of the credibility or reliability of the informant and a checking of his story. In the instant case the ultimate informant is unidentified. The persuasive effect of any case which indicates that such weighing is in order has been weakened by the action of the Appellate Division reversing the finding of the lower court as to sufficiency of the affidavits in People v. Cohen (24 A D 2d 900).
The statute is specific as to who must be satisfied by the evidence. It says the County Judge must “ satisfy himself ” (underscoring supplied). Some evidence is required for jurisdiction and for such purpose a statement of facts may be required, but to go beyond that limit would seem to violate the statute. Once jurisdiction is established, the County Judge seems to be the sole judge of the quality and nature of evidence required to satisfy himself. However, in the event that our view is too limited, we note that the Police Captain checked the informant’s story to a reasonable extent with the records of the New York Telephone Company. In short, on any available theory or test, the affidavit is sufficient.
III.
Since ‘ ‘ wiretaps ’ ’ do not infringe constitutional immunity against search and seizure (People v. Dinan, 11 N Y 2d 350) there seems no reason to improvise or supplement the statute with some judicially contrived appellate or review procedure.
The District Attorney has represented to the court in this hearing that the interception or the 11 tapping ’ ’ will not involve any trespass or invasion of a constitutionally protected area. We are thus not involved in the problem presented in People v. Grossman (45 Misc 2d 557).
Some confusion may be eliminated if we think of the County Judge’s order as a license to wiretap within the statutory limits. It is valid if he has jurisdiction and good unless and until *361 revoked. As suggested in People v. Cohen (41 Misc 2d 158), the County Judge may revoke that license in the same way as any Judge in the exercise of inherent jurisdiction may rescind or vacate his own order for fraud, mistake or similar cause. We must expect such power to be rarely invoked. The remote possibility of such power being invoked or asserted, is hardly sufficient to justify a constant, or routine, interruption of orderly trial procedure in the District Court, either by references to the County Court, or holding trials in abeyance pending application to such court in behalf of defendants.
The order of April 18, 1965, complies with the statute in all respects and the motion to suppress the fruits of the wiretap is denied.
The order on this decision will be dictated on the trial record and no formal order need,.he prepared.