Nathan B. Sobel, J.
This is a motion pursuant to sections 813-c, 813-d and 813-e of the Code of Criminal Procedure (L. 1962, ch. 954, eff. April 29,1962) to suppress certain contraband allegedly the product of an unlawful search and seizure.
The contraband (policy slips, etc.) was seized pursuant to a search warrant. The defendants moved before a Magistrate to controvert the grounds upon which the warrant was issued. (Code Crim. Pro., § 807.) The Magistrate took testimony. (Code Crim. Pro., § 808.) Upon all issues raised, the Magistrate sustained the warrant.
An indictment has since been found. The motion to suppress may be made in this court irrespective of the determination by the Magistrate in a proceeding under section 807. In this court the same or different contentions may be raised. And this court may find the search warrant invalid but nevertheless find the search reasonable as an incident to a lawful arrest. (Jones v. United States, 357 U. S. 493; Keiningham v. United States, 287 F. 2d 126.)
A preliminary discussion may help place the issues in proper perspective.
It is not generally understood that a search warrant contains no authority to arrest. A search warrant is primarily directed against property — i.e., fruits or instrumentalities of crime or contraband. It is not directed against the alleged criminal. In fact, to justify the issuance of a search warrant the name of the criminal need not be known or included in the warrant. The practice of including named persons in the search warrant is merely for the purpose of identification of the person or premises to be searched (Code Crim. Pro., § 797). It is not authority to arrest such persons.
From what has been said, it is obvious that the probable cause necessary for the issuance of a search warrant is different from the probable cause required for a warrant of arrest. In the former there must be probable cause to establish that specified property will be found on specified premises. In the latter there must be probable cause that a specified person has committed a specified crime.
What has been observed in these months since Mapp v. Ohio (367 U. S. 643) is that the police apply for a search warrant when they should apply for a warrant of arrest. As noted in my ‘ ‘ Comment ” (N. Y. L. J., Jan 2, 1962, p. 4, col. 3) “ It is true that warrants of arrest and search warrants are provided for in different statutes and have always been treated as depending upon separate conditions. Presumably an officer will apply for a warrant of arrest when he wishes merely to arrest. He mav *627 apply for a search warrant when he wishes to recover stolen goods or search for contraband but has little or no knowledge of the identity of the thief or possessor. • But often he will have probable cause to obtain both.”
The advantage of a search warrant ór a warrant of arrest is that both authorize entry into fixed premises — the former to search; the latter to arrest under circumstances where no statutory right to make a warrantless arrest exists. Under both a search may be conducted — under the former pursuant to the authority of the search warrant; under the latter as an incidental search to the lawful authorized arrest.
Returning to the instant motion, it has been stipulated that the motion to suppress will be submitted and that the testimony on the hearing to controvert the search warrant, had before the Magistrate, shall be deemed to be the testimony on the hearing of this motion to suppress.
I.
I have read the testimony. In this case the affidavit and deposition supporting the search warrant furnished sufficient probable cause to warrant the issuance of the search warrant. (Code Crim. Pro., §§ 792-796.) Since the identity of the persons frequenting the suspected premises were also known to the police and were specified in the affidavits and depositions, the police also had probable cause to obtain an arrest warrant and the Magistrate would have been justified in issuing same.
But the police obtained only a search warrant which gave them no authority to make an arrest. But it did give them authority to enter fixed premises by the use of force if necessary (Code Crim. Pro., § 799). Once lawfully on the fixed premises, the police in this case observed three of the defendants actually engaged in working on policy slips and sheets. This observation of a crime being committed in their presence while lawfully on the premises, furnished to the police authority to arrest.
It is contended in this connection that the property seized was not the property specifically described in the search warrant. It need not be. The search may be sustained as one incidental to the lawful arrest rather than as specifically authorized in the search warrant.
As a matter of fact, however, the seizure of the particular contraband was lawful both as an incidental search as well as the search under the search warrant. The particular contraband was in fact specifically described in the search warrant.
In the latter connection, it should be observed that when dealing with stolen property a description in a search warrant *628 must be specific, as the Constitution commands. (N. Y. Const., art. I, § 12; U. S. Const., 4th Amdt.) But when dealing with contraband such as gambling paraphernalia or narcotic drugs reasonable leeway is permitted to search for ‘6 closely related” or even “ misdescribed ” property. (See cases discussed in Woo Lai Chun v. United States, 274 F. 2d 708, 712, n. 11.) A general description of policy slips or gambling paraphernalia in a search warrant would authorize seizure of collectors’ tapes or bankers’ records. A description of narcotic drugs would authorize seizure of any kind of narcotic drugs.
In connection with the search warrant, an issue is also made that the search warrant described the entire building rather than a particular apartment in the building.
When dealing with apartment. houses, such misdescription may make the search warrant invalid. The constitutional safeguard is for the protection of the law-abiding citizen. The police may not enter all apartments on the premises in order to locate the specified property. But this was not an apartment house. It was a two-family brownstone. The known policy players were seen entering through the basement. At least one of the defendants occupied that floor. The illegal activities were conducted on the upper floor. The Magistrate was justified in including the entire premises in the search warrant. (Minovitz v. United States, 298 F. 2d 682.) There is no doubt that much broader scope in terms of area to be searched is permitted under a search warrant than under an incidental search. (Cf. Davis v. United States, 328 U. S. 582, 595.)
A common-sense view of the problem of description of specified premises in search warrants should require a distinction between crimes committed upon premises, and crimes committed elsewhere but property sought is located upon fixed premises. When the crime is being committed within the fixed premises a broader area may be specified. When the crime has been committed elsewhere, but the fruits or instrumentalities are hidden in fixed premises, description of premises to be searched should be more specific.
Another contention made is that the police failed to comply with the provisions of sections 803 and 806 of the Code of Criminal Procedure. Section 803 requires the police to give a receipt for the property seized. Section 806 requires the Magistrate to furnish the defendant with an inventory. Both sections are mandatory. The police should be meticulous in complying. However these are statutory commands not of constitutional dimension. A search may nevertheless be reasonable if “ defects ” in the return are later corrected. (Evans v. United *629 States, 242 F. 2d 534.) It is not clear whether the police have given a receipt. However the filing of the inventory and furnishing the defendants with a copy thereof constitutes sufficient compliance.
When dealing with fruits of a crime (particularly money) as distinguished from instrumentalities or contraband, stricter compliance with these statutes would be required. Under certain circumstances failure to give a receipt or file or furnish inventory would makes the seizure unlawful.
II.
A fourth defendant was not found in the act of committing a crime. He was found in another floor of the premises. At that point no right to arrest him existed. But when questioned by the police, he admitted ownership and control of the premises and the conduct of the illegal business therein. Upon such admission he could be, and was arrested. The admissions as well as the product of the reasonable search can be used to convict him.
There is evidently some misunderstanding of the law regarding incriminating statements. The law is clear.
When the search is reasonable, incriminating statements made before, during or after the search are admissible. This is true even though there is no seizure, i.e., the reasonable search was unproductive. The law governing admission of such incriminating statements is not in the area of search and seizure. It is governed solely by the rules of evidence on admissibility of admissions or confessions.
However when the search is unreasonable, then the admission of incriminating statements is governed by the law of search and seizure. If a product is uncovered by the unreasonable search, any admissions concerning ownership or control of the product or concerning the crime by which the product came into possession of defendant must be excluded. Such oral incriminating statements may be suppressed on pretrial motion or during trial. (People v. Rodriguez, 11 N Y 2d 279.)
When the search is unreasonable but there is no seizure of product, the admissibility of the incriminating statement turns on whether the statement was made during or in consequence of the unreasonable search or trespass. Generally speaking, if the incriminating statement was made during the trespass, it is deemed coerced and is not admitted. However if it is made later, for example, in the police station, its admission is governed not by principles of search and seizure but by the law of admissions and confessions. It is illogical to hold that an unreasonable but *630 unproductive search perpetually disables the arrestee from later admitting his crime.
In the instant ease, the search and seizure were reasonable and lawful. The incriminating statement is therefore admissible on the trial. The statement as well as the product of the reasonable search is admissible to convict. The defendant admitted ownership and control of such product.
ni.
A further point is in issue. It is contended that the police acting under the authority of the search warrant failed to comply with the “ breaking in ” requirements of the statute. (See Code Crim. Pro., § 799; cf. Code Crim. Pro., §§ 175-176, 178.)
An officer is required to give ‘ ‘ notice of his authority and purpose ” before breaking into fixed premises. Miller v. United States (357 U. S. 301) is often cited as authority for strict compliance with such provisions. But it should be noted that the Miller decision is not of constitutional dimension. It interpreted a Federal statute, not the Fourth Amendment. Most States, pre Mapp and since Mapp (367 U. S. 643, supra), have excused compliance with ‘ ‘ breaking in” statutes under “exigent circumstances.” (See People v. Hammond, 54 Cal. 2d 846 and cases cited.) Due process does not mandate a strict interpretation of such requirements. It is suggested as a practical rule that when a search warrant is directed against easily disposable contraband the police officers need only make a conscientious effort to enter peaceably, and, if there is no response to the knock or oral request for admission, may use force.
In short, “ exigent circumstances ” exist when the property sought is easily disposable and there is danger in requiring strict compliance with the “breaking in” requirements of the code.
However in the instant case I find that there was strict compliance. The motion to suppress is in all respects denied.