David T. Gibbons, J.
The defendant is charged with a violation of subdivision 1 of section 1141 of the Penal Law of the State of New York on an information which alleges in the first count that he had certain obscene books in his possession at 34 Roosevelt Street, Glen Head, New York, with the intent to sell, lend, distribute, give away, show or transmute the same. In a second count in the same information he is charged with a violation of the same subdivision with respect to an obscene photograph. A separate information charges the defendant with a *274 violation of subdivision 1 of section 1141 of the Penal Law of the State of New York in that the defendant did write, print, publish and utter and cause to be written advertisements and notices giving information with regard to the purchase of obscene books.
The defendant moved to suppress the evidence obtained at his home by the Police Department on the 25th day of April, 1963. On this motion a preliminary question arises concerning the applicability of sections 813-c, 813-d and 813-e of the Code of Criminal Procedure and concerning the power of this court under those sections to consider that portion of a motion to suppress which attacks the legality of the issuance of a search warrant issued by a Judge of a court of superior jurisdiction.
There' appears to be conflict on the subject. In People v. Politano (17 A D 2d 503, 509) the Appellate Division, Third Department, referring to section 813-c et seq. of the Code of Criminal Procedure states that “ [t] his new statutory provision does not affect the ease before us and we do not pass upon the question whether it would admit of an attack on a search and seizure made pursuant to a warrant good on its face, issued by a Judge having jurisdiction ”. In People v. McCall (19 A D 2d 630, 631) the Appellate Division, Second Department, states: “ [ajssuming arguendo that a motion to vacate a search warrant and for the return and the suppression of evidence may be made pursuant to sections 813-c, 813-d and 813-e of the Code of Criminal Procedure, irrespective of whether any motions were made to vacate the search warrant and for the restoration of property pursuant to sections 807 and 809 of the Code of Criminal Procedure (People v. Montanaro, supra [34 Misc 2d 624]), nevertheless, no motions may be made during the trial to vacate a search warrant and for the return and suppression of evidence, unless the motion comes within the exceptions prescribed by section 813-d of the Code of Criminal Procedure (also, see, Code Grim. Pro., §§ 518, 518-a).” It was held in People v. De Cicco (37 Misc 2d 937) that on a motion to suppress the lower court has the power to review the warrant pursuant to section 813-c et seq. of the Code of Criminal Procedure.
The jealous preservation of judicial status should not be a factor of greater importance than the efficient administration of justice. The Court of Appeals had occasion to consider the problem of a court of inferior jurisdiction reviewing the process of a court of superior jurisdiction in People ex rel. Tweed v. Liscomb (60 N. Y. 559, 568) and stated that, “ [i]t is no new feature in the law that inferior Magistrates may, when thereunto called, sit in judgment upon the jurisdiction of the highest courts, when their process or judgments come collaterally before *275 them ”. In the absence of any positive definition of the power of the court to the contrary in this regard, and in the absence of any definition of the application of section 813-c et seq. of the Code of Criminal Procedure to the issuance of the search warrant, the court concludes that it has the power to determine the issues involved in this motion to suppress, including the matters which relate to the search warrant. To conclude otherwise would favor the multiplicity of motions in different courts at different times, the very cumbersome procedure that sections 813-c, 813-d and 813-e were enacted to avoid.
The facts of this ease can be simply set down. Based on an affidavit sworn to by Detective Albert C. Anderson, of the Nassau County Police Department, a search warrant was signed by a Judge of the County Court of Nassau County, directing a search of the premises, 34 Roosevelt Street, Glen Head, New York, said premises being occupied by Richard Kissinger, the defendant. The affidavit of Detective Anderson on which the search warrant was issued states that the detective has confidential information furnished by Pasquale Di Giovanni, also known as Pat Devito. It also states that the informant has been using a mail forwarding service at post-office boxes 175 and 43 at the Greenvale, New York, Post Office, and the person operating the service used the name of ‘ ‘ Kings and Queens Gazette and Dolly Dove”. Detective Anderson states further that the informant told him that by writing to the post-office box numbers he would be supplied with the names and addresses of persons with whom he could correspond; and that he mailed obscene and indecent letters to some of the persons; and they sent obscene and indecent letters to him. The names of the persons with whom he corresponded and who corresponded with him are not given, but it is stated that the names were furnished by the holder of the post-office boxes. In addition, the affidavit says that he received advertisements relating to the sale of photographs of nude females from the holder of the post-office boxes, referring to the photographs as spicy, hard-to-get, unusual and exciting, and that the photographs offered for sale in his opinion were obscene.
The affidavit goes on to state that Detective Anderson conducted an investigation and determined that the holder of the boxes was Richard Kissinger, who resides at 34 Roosevelt Street, Glen Head, and that Kissinger picks up the mail at these boxes. It is not stated in the affidavit that Kissinger takes the mail picked up from the boxes to his home. Detective Anderson goes on further to state that there is probable cause to believe that obscene, indecent and pornographic materials have been used *276 or possessed with intent to be used as a means of committing a crime at 34 Roosevelt Street, Glen Head, Nassau County, New York, and requests a warrant to be issued authorizing a search of the premises occupied by Richard D. Kissinger.
The defendant, in the papers submitted in support of the motion to suppress, attacks the affidavit of Detective Anderson as being insufficient on the following grounds: (a) The supporting affidavit of Detective Anderson was based solely on hearsay without providing information regarding the informant’s reliability. (b) The allegations and claims made in the supporting affidavit even if taken as true do not indicate that the defendant has committed or was committing any crime, (c) That even if a crime was being committed, no facts are set forth in the supporting affidavit establishing any connection whatsoever between the alleged crime and the defendant’s residence.
The People contend that even if the court finds that the search warrant was not legally issued, nevertheless, the search and seizure were legal because made upon defendant’s consent.
A hearing was held before the court and the defendant rested his case on oral argument and on the moving papers without putting a witness on the stand. The court ruled that on the issue of consent the People have the burden of proof. (People v. Colletti, 33 Misc 2d 195; Amos v. United States, 255 U. S. 313.) The prosecution then proceeded with its presentation of evidence by way of testimony of the police officers and postal inspectors who participated in the search and seizure.
From the testimony it appears that pursuant to the search warrant Detective Anderson and several law-enforcement officers including two postal inspectors went to the premises, 34 Roosevelt Street, Glen Head. They stated that they spoke with Mr. Kissinger outside of his home on the street and that thereafter they were invited into the premises. The testimony indicates that after the officers were identified and produced the search warrant the defendant stated that it was not necessary to get the warrant; that he would have let them in without it; and that they could search the house. It further appears from the testimony that defendant was not advised of any right to refuse and that the officers would have conducted the search regardless of consent.
The Fourth Amendment of the Constitution states that no warrant shall be issued but upon probable cause. The New York State Constitution contains a similar provision. In determining probable cause, reliability of the informant is an important element, for without a reliable source, the hearsay which supports probable cause becomes a shaky foundation. (People v. *277 Roth, 207 Misc. 875.) The reliability of the informant is a controlling factor in determining the jurisdiction of arrest without a warrant. (Draper v. United States, 358 U. S. 307-313; People v. Jones, N. Y. L. J., July 18, 1963, p. 6, col. 1.) The requirement of probable cause for arrest or seizure without a warrant is no less exacting than is the necessity for probable cause for issuing a warrant (Wrightson v. United States, 222 F. 2d 556).
It is noted that with respect to the information given by the informant, there is no time stated at which or during which any alleged crime was committed. To establish probable cause the acts and circumstances which constitutes the crime must be closely related in time to the issuance of the warrant. (Sgro v. United States, 287 U. S. 206, 210-212; People v. Ventrilli; People v. Ross, N. Y. L. J., Jan. 24, 1963, p. 15, col. 8.)
Reviewing the affidavit of Detective Anderson further, we find a hiatus between the information given and investigation made, and the premises to be searched. The affidavit states: ‘ ‘ Richard D. Kissinger picks up the mail which is addressed to these boxes and pays the rental incurred by same ”. It does not state that the investigation conducted by Detective Anderson reveals that the mail picked up by Kissinger was brought by him to the place to be searched. It is as reasonable to conclude that the mail was brought to his place of business as to his home. In any event, the warrant may only be issued upon facts stated which furnish a foundation for probable cause to issue the warrant for the premises to be searched. “ Probable cause exists when there is reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched (Carroll v. United States, 267 U. S. 132; Dumbra v. United States, 268 U. S. 435; Aderhold v. United States, 132 F. 2d 858).” (People v. Marshall, 13 N Y 2d 28, 34.)
There is no showing that the materials sought by the police might be found in the home of the defendant or that a crime was being committed therein. (People v. Aldon, N. Y. L. J., May 3, 1963, p. 16, col. 3.) No facts are set forth establishing a relationship between the premises to be searched and the crime.
On the foregoing facts, the court determines that the search warrant was illegally issued, and having thus determined we now address ourselves to the People’s contention that nevertheless the search and seizure were valid because made on the consent of the defendant. The court has carefully reviewed the testimony with respect to consent and concluded that the credibility of the witnesses is not the central issue. In that regard, *278 the real issue is whether the evidence offered by the People taken at full value meets the required standard for consent. (Judd v. United States, 190 F. 2d 649.)
The defendant when confronted by law officers with a search warrant exhibited to him by a detective in his home stated that it wasn’t necessary to get the warrant; that he would have let them in without it, and that they could search the house. Comparable statements have been held insufficient where the victim of the search was safely in his home, his place of business or in his automobile (Judd v. United States, supra). We may not interpret polite acquiescence or false bravado on the part of one faced with lawful process as equivalent to voluntary consent.
He was not advised of his rights to refuse, and there was testimony adduced on the hearing before the court that the officers would have conducted the search regardless of consent. Furthermore, the affidavit of Detective Anderson dated April 29, 1963, containing the inventory and returning the warrant to the County Court, states that: “ The matter set forth below is an inventory of the property taken by the undersigned under and pursuant to the annexed warrant at the given location ’ ’. It is obvious, therefore, that the search and seizure were made ‘ ‘ under and pursuant to ’ ’ the warrant and not on the consent of the defendant.
The warrant was illegally issued. There was no consent to search the premises. The motion to suppress is therefore granted.