Joseph S. Mattina, J.
The defendant, pursuant to section 813-c of the 'Code of Criminal Procedure, seeks an order suppressing certain evidence seized at the Buffalo International Airport pursuant to a search warrant issued by a Buffalo City Court Judge.
On the 6th day of May, 1969 the defendant was arrested at the Buffalo International Airport by an investigator of the New York State 'Police Department, after a suitcase, which the defendant had claimed at the United Airlines baggage counter *1004 was searched, pursuant to a search warrant issued the same day by an Associate Judge of the City Court of Buffalo. The search disclosed the presence of a quantity of marijuana and other articles. The suitcase which arrived by flight from Chicago that day was opened initially by a United Airlines employee in the regular course of business to determine the owner. The suitcase bore a United Airlines claim tag number. The airline employee, who was .suspicious of the contents, notified the New York State Police investigator who, in turn, applied for the search warrant.
The Buffalo International Airport came into existence on 'September 25,1926. On July 1,1956 the City of Buffalo transferred title to the Niagara Frontier Port Authority and in September of 1968 the Port Authority was superseded by the Niagara Transportation Authority. The Transportation Authority has contracted with the Town of Cheektowaga for policing and with the City of Buffalo for fire protection. The Buffalo International Airport is located outside the City of Buffalo limits and is wholly contained within the Town of Cheektowaga and has no significant ties with the City of Buffalo other than aforementioned.
Section 2001 of the Uniform City Court Act limits the City Court jurisdiction to crimes committed within the city. Section 2005 gives the court power within its original jurisdiction to send processes and other mandates in any part of the county or any adjoining county. This section is not intended to extend the court’s original jurisdiction. There is no provision in the Code of Criminal Procedure equivalent to former section 56 granting City Court additional jurisdiction.
Section 796 of the Code of Criminal Procedure, dealing with the issuance of warrants, cannot be construed to extend the jurisdiction of a Judge, Justice or Magistrate, and section 810 must 'be read to apply only to the transfer of warrants issued within the proper territorial jurisdiction to another court having both territorial and trial jurisdiction of the particular offense or crime (People v. Law, 55 Misc 2d 1076 [1968]). There is no question presented here of irregularity in the execution of the warrant. The issue here is precisely one of a jurisdictional defect in the issuance of the warrant itself.
The Judge of the Buffalo City Court did not have authority to issue this warrant for evidence outside of the city limits and relating to a crime which occurred wholly outside the city limits, as opposed to a situation where a warrant is issued to search for evidence of a crime committed within the city but which evidence is located outside the city and within the court’s mandate *1005 jurisdiction under section 2005 of the Uniform ¡City Court Act.
Inasmuch as the warrant is null and void and the evidence was seized pursuant to said warrant, hence illegally seized, the defendant’s motion is in all respects granted and the evidence and fruits thereof obtained by said warrant dated May 6, 1969, are suppressed.