David O. Boehm, J.
On October 21, 1968 a Justice of the Supreme Court of Monroe County issued a search warrant against one Melvin Du Vail Gray, the husband of the defendant, authorizing the search of his 1967 Ford sedan and his apartment in the City of Rochester. The warrant authorized the search for narcotics and dangerous drugs both in the daytime or nighttime.
The search was conducted early in the morning of October 24, 1968 and said Melvin Du Vail Gray was not present in the apartment at the time. The defendant and her two children were there. The search disclosed drugs, a Beretta pistol and cartridges and some other items, following which the defendant was arrested. On November 6, 1968 the Grand Jury of the County of Monroe handed down Indictment No. 566 charging the defendant with the criminal possession of a dangerous drug in the fourth degree, in violation of section 220.05 of the Penal Law of the State of New York; with the crime of possession of weapons and dangerous instruments and appliances, in violation of subdivision 2 of section 265.05 of the Penal Law of the State of New York and further, with the crime of the sale and possession of hypodermic syringes and hypodermic needles and possession of certain other instrument, in violation of subdivision 3 of section 3395 of the Public Health Law of the State of New York.
Defendant now brings this motion to contravene the warrant and to suppress the evidence found in the apartment, claiming that the search and seizure as to her was illegal, that she was unlawfully arrested, and further moves to dismiss the indictment. In her affidavit, defendant states that at no time did she either expressly, or by implication, grant permission or give her consent to make the search, nor was there probable cause on the part of the police officers upon which to base a reasonable belief that she had or was about to commit a crime. She denies ownership, control and possession of the items seized as well as knowledge of their being in the premises.
The People resist the motion on two grounds: (1) that the motion to contravene the warrant may be determined only by the Magistrate who issued it and; (2) that the well-established procedure of reserving the determination of the motion, to suppress for the Trial Judge, should be adhered to. Further, the People assert that the defendant has no standing to either *771 contravene or suppress because the search warrant was directed against another person, i.e., her husband, Melvin Du Vail Gray.
At argument, the court disposed of the question of standing. Searched, the defendant obviously had standing to bring these motions. As an occupant of the apartment affected, she was a “person claiming to be aggrieved by an unlawful search and seizure ” (Code Crim. Pro., § 813-c) against whom the People intend to use the evidence so seized (People v. Smith, 35 Misc 2d 533).
The contravening of a search warrant comes under title II of Part VI of the Code of Criminal Procedure, particularly sections 807 to 810, whereas a motion to suppress or return property unlawfully seized is governed by section 813-c et seq. of title II-B.
Although section 813-e of the code provides that after indictment a motion to suppress must be brought in the court having trial jurisdiction of the indictment, there are no similar limitations with respect to a motion to controvert. Section 807 simply states: “If the grounds on which the warrant was issued be controverted, the judge, justice or magistrate must take testimony in relation thereto.” The code fails to particularize the procedure for such a hearing or the forum in which it is to be conducted.
In 1963, one court took the position that section 807 did not authorize a separate motion to contravene, that it was “ encompassed within the ambit of section 813-c ” and therefore any proceedings to contravene and to suppress must be brought at the same time and in the same court. (People v. Brown, 40 Misc 2d 35, 37.)
However, two years later the Court of Appeals disagreed. In People v. Alfinito (16 N Y 2d 181, 186) the right of a person against whom a search warrant had been executed to contest the factual basis upon which it had been issued was resolved as follows: ‘ ‘ First * * * section 813-c of the Code of Criminal Procedure is to be construed so as to permit an inquiry as to whether the affidavit’s statements were perjurious; second, that the burden of proof is on the person attacking the warrant (see United States v. Goodwin, 1 F. 2d 36; United States v. Napela, 28 F. 2d 898), and third, that any fair doubt arising from the testimony at the suppressal hearing as to whether the affidavit’s allegations were perjurious should be resolved in favor of the warrant, since those allegations have already been examined by a judicial officer in issuing a warrant.”
One month later, the Court of Appeals clarified the procedure further by holding that section 807 permitted the Magistrate *772 who had issued the search warrant, in this case a Justice of the Peace, to vacate it. However, he did not have similar authority to suppress the evidence seized under section 813-c et seq. because, an indictment having been filed, this could be done only by the court where the defendants were to be tried (People v. Gatti, 16 N Y 2d 251).
Subsequently, in 1967, when the question came up as to whether a court of general jurisdiction could be bound by a section 807 order of an inferior court which had vacated a search warrant, the Second Department interpreted People v. Gatti as holding that it could. The court rejected the argument that section 813-c and the sections following it indicated a legislative intent that only the trial court or the Supreme Court had jurisdiction to determine the issues relevant to a motion to suppress, including those issues arising upon a section 807 motion. (People v. Ortiz, 27 A D 2d 392.)
One year later, Justice Farrell, in a footnote to his opinion in People v. Asaro (57 Misc 2d 373, 374) pointed out in part: “ The grounds upon which a warrant was issued may be ‘ controverted ’, as a matter of right, in the court which issued it, upon return of the warrant and delivery of an inventory (Code Crim. Pro., §§ 802, 805-809).”
It is abundantly clear, therefore, that the appropriate sections in title II authorize an independent contest to determine the truth or falsity of the allegations underlying the issuance of a search warrant; that such a proceeding may be brought separate and apart from a motion to suppress under title H-B (§ 813-c et seq.); that the hearing may be held before and determined by the Magistrate issuing the warrant, regardless of whether or not an indictment has been filed in another court.
What is not clear is whether the code permits an option for the warrant to be controverted either before the issuing Magistrate or the trial court, should they be different, or whether it must be controverted only before the issuing Magistrate. The People, in this proceeding, argue the latter. A careful reading of the code convinces the court that their position is the correct one.
The language of section 807, and the sections before and after it, in title H, make it clear that the “ judge, justice or magistrate ” alluded to throughout is the Judge, Justice or Magistrate who originally issued the warrant. (§§ 791, 794, 796, 799, 801, 802, 80A-810.) Eeference is made in all of them in precisely the same way to “the judge, justice or magistrate” [emphasis supplied] who — signs the warrant (§ 791); examines the person *773 seeking the warrant and witnesses (§ 794); is satisfied of the existence of sufficient grounds (§ 796); may dispose with the necessity of giving notice of authority and purpose (§ 799); may authorize execution of the warrant in the day or night (§ 801); to whom a search warrant shall he returned (§ 802) ; to whom the property seized must be delivered (§ 804); to whom a written inventory of the property must be delivered and "before whom it must be sworn to (§ 805); who must deliver, if required, a copy of the inventory (§ 806); who must take testimony if the grounds on which the warrant was issued be controverted (§ 807); who, upon stated grounds, must cause the property to he restored to the person from whom it was taken (§ 809); and who may transfer the warrant to the court having trial jurisdiction (§ 810).
There is also significance in the fact that sections 807 and 809 and sections 813-c to 813-e were amended or added by the Legislature in the same year, 1962. Sections 807 and 809 became effective July 1, 1962 (L. 1962, ch. 542). Sections 813-c to 813-e became effective April 29, 1962 (L. 1962, ch. 954). Whereas section 813-e required generally that the motion to suppress be heard and decided by the trial court, either before or during trial, it did not make a similar mandate with respect to the motion to controvert, nor did it enlarge the scope of section 807, except to add the words “ judge, justice or ” in the text. Its failure to do so indicates, at least as the code now stands, a general legislative reluctance to impose upon one court, except in an appellate capacity, the burden of passing upon the bona fides or exercise of discretion of another court.
It seems that this question has not as yet been directly passed upon. It was disposed of in People v. Ricken (49 Misc 2d 677), hut only in an elliptical way. In it motions to controvert and to suppress were brought before Judge Wemple of Schenectady Comity Court. State Troopers had obtained search warrants from a Supreme Court Justice in Erie County, to be executed in Schenectady County. Judge Wemple refused to hear the motion to controvert and referred it to the Supreme Court Justice in Erie County, stating that he would not review the issuing Magistrate^ judgment as to probable cause for the issuance of the search warrants. However, he agreed to hear and determine the question of compliance with the other requirements of title II following the execution of the warrants, since his was the trial court to which the warrants and accompanying papers were transferred in accordance with section 810. On appeal, the Third Department affirmed Ms order suppressing *774 the evidence because of the failure of the State Police to comply with the requirements of title II, particularly section 794 thereof, after seizure of the property, but did not touch upon his refusal to review the discretion of the Supreme Court Justice (29 A D 2d 192).
To date, it is not clear if the treatment of the subject matter in People v. Ricken (supra) was based upon a rule of judicial comity, or an interpretation of the jurisdictional limitations imposed by the code.
This court is of the opinion that the Legislature did not give, nor intend to give, an option for the purpose of contesting the issuance of a search warrant but that, by its repeated reference in almost every section of title II to “ the judge, justice or magistrate ”, it intended to require the warrant to he tested before “ the judge, justice or magistrate ” (emphasis supplied) who issued it.
The situation in the case at bar effectively demonstrates the sound and salutary basis for giving the question of probable cause to the Judge who first passed upon it. The search warrant here was issued by a Justice of the Supreme Court. Shall this court, one of less general jurisdiction, substitute its discretion for that of the Supreme Court Justice? This is precisely what Judge Wemple correctly refused to do in People v. Ricken (supra). If a search warrant is issued by another Judge of County Court, should this court displace a determination, which is based upon the legal as well as factual conclusions of a Judge of concurrent jurisdiction? Or, if a Judge of this court issues a search warrant and, as a result, property is seized and charges are brought to be tried in a town court, should the town Justice hear and decide a motion to controvert the warrant? The town Justice’s decision could conceivably be reviewed by the same County Court Judge, sitting as an appellate court, who first issued the warrant.
The situation might be otherwise if the section 807 hearing were limited solely to the truth or falsity of the facts alleged to support the issuance of the warrant, but such a hearing goes considerably further. It also involves the question of probable cause and the appropriate exercise of the issuing Magistrate’s discretion,* particularly where, as here, the moving papers *775 argue the legal, as well as the factual insufficiency of the supporting affidavit in the light of Aguilar v. Texas (378 U. S. 108) and Spinelli v. United States (393 U. S. 410).
The Second Department, in People v. Ortiz, (27 A D 2d 392, 395) suggested consideration of legislation to join a motion under section 807 with "a motion under section 813-e so that the issues might be heard and determined in a single proceeding. This suggestion by the court is an implicit recognition of the present necessity of making these applications separately before the issuing Magistrate and before the trial court.
Recently, the Brie County Court vacated a search warrant issued by a court of inferior jurisdiction, the Buffalo City Court. However, this was not done pursuant to a section 807 motion, but by the County Court’s appellate determination that the City Court had exceeded its jurisdiction in issuing a warrant for a search to be made outside of the limits of the City of Buffalo. (People v. Niven, 60 Misc 2d 1003.)
Sections 807 to 809 have been omitted in the proposed New York Criminal Procedure Law where they are apparently incorporated in article 710 — “ Motion to Suppress Evidence ”, but until such legislation is enacted, this court is bound by what appears to be the clear legislative intent of the code, as well as the well-settled rule of judicial propriety of refraining, in a nonappellate proceeding, from reviewing the determination of another magistrate having authority and jurisdiction to act. (See Matter of Haas, 33 A D 2d 1, 7-8.)
In order to avoid unduly and unnecessarily delaying the trial, any motions under section 807 should be brought well in advance of trial and, unlike a motion to suppress under section 813-c, if such motion is not brought within a reasonable period of time prior to trial, then the defendant should be considered to have waived his rights thereunder.
The People also resist this motion on the basis that there is no factual demonstration in the defendant’s moving papers to warrant granting of the motion to contravene or to suppress. The court is mindful of the requirement that a motion to contravene requires ‘ ‘ facts which raise an issue respecting perjury.” (People v. Solimine, 18 N Y 2d 477, 480; People v. Childers, 54 Misc 2d 752, 753.) However, since the motion to contravene will be referred to the Supreme Court Justice who issued the warrant, the legal sufficiency of the moving papers might better be left for his determination as well.
The motion to contravene (§ 807), is respectfully referred to Supreme Court Justice Jacob Ark for such action as he deems appropriate.
*776 The motion to suppress (§ 813-c et seq.) is respectfully referred to the trial court for its determination.
The motion to dismiss the indictment is, at this time, accordingly denied.

 Section 809 provides that, “If it appear 9 9 * that there is not probable cause for believing the existence of the grounds on which the warrant was issued, the judge, justice or magistrate must cause [the property] to be restored to the person from whom it was taken, unless otherwise subject to being retained in, lawful custody.”