David O. Boehm, J.
On July 1, 1969 a Judge of the Monroe County Court issued a search warrant authorizing an immediate search of the persons of the above defendants and of the premises known as 1146 Plank Road in the Town of Penfield, New York. The warrant authorized the search for evidence regarding alleged violations of sections 225.05 and subdivision 1 of section 225.15 of the Penal Law of the State of New York.
A search was conducted as authorized by the search warrant of July 1, 1969 and certain evidence was seized by the police officers making such search.
On December 15, 1969 in Justice’s Court of the Town of Pen-field, New York, the defendants moved for an order pursuant to sections 807 and 813-c et seq. of the Code of Criminal Procedure declaring the arrest of the above defendants to be illegal and void and declaring the search warrant of July 1, 1969 unreasonable, illegal and void; and a full hearing was held thereon.
On January 12,1970 a decision was made by the Hon. Donald J. Mark, Town Justice of the Town of Penfield, New York, *578 denying the application of the defendant Gingello for the return of the cash seized and the application of the defendants contravening the search warrant.
The defendants now bring this motion to contravene the same search warrant issued on July 1, 1969 and for an order to suppress evidence seized in the search conducted under said warrant, on the same ground that said warrant was issued without probable cause, or in the alternative granting a hearing to determine whether such warrant should be controverted and the evidence suppressed. In effect, they are seeking precisely the same relief they unsuccessfully sought in their prior application before the Town Justice. According to them, their basis for doing so is this court’s decision in People v. Gray (61 Misc 2d 769) wherein it was held that a motion to contravene should be brought before the issuing Magistrate (County Court) rather than before the trial court (Town Court). However, their reliance upon People v. Gray (supra) is misplaced.
All of the parties had selected, and by proceeding in the Town Justice’s Court with the hearing, had thereby agreed, upon the forum to hear and determine the motion to contravene. That motion was denied by the hearing Magistrate. Consequently, such pretrial determination is, for now, final.
When procedural rules are clarified, retroactive application is not always required. This is especially true where, as here, the appellate process has not been commenced, much less exhausted (People ex rel. Cadogan v. McMann, 24 N Y 2d 233). The denial of the motion to contravene is an intermediate order only and not appealable at this stage.
In view of the foregoing, this court will not now intervene either on the pretrial or appellate level. The application is accordingly denied.