Eugene B. Canudo, J.
The question now before the court is a novel one: whether a Judge of the Criminal Court, who lacks statutory authority to issue an eavesdropping warrant, nevertheless has the right and authority under current law to review the basis for, and — if necessary — vacate an eavesdropping warrant issued by a Justice of the State ¡Supreme Court.
Under a warrant issued last year in Supreme Court, authorizing interception of communications on a certain telephone instrument at a specified location, certain conversations were overheard. The participants were (1) the resident of1 the premises at which the instrument was located, and (2) the defendant Hugo Sossa. A search warrant was subsequently issued by a Judge of the Criminal Court, based upon information divulged through these conversations. It authorized a search of Sossa’s apartment for narcotics and narcotics paraphernalia. The search warrant was executed, and Sossa was placed under arrest and charged with three felonies involving the possession of narcotic contraband. A preliminary hearing was held in Criminal Court, and all the charges were reduced to misdemeanors, thus vesting final jurisdiction over the case in this court.
Sossa has moved under article 710 of the Criminal Procedure Law for .suppression of this evidence. Among other thingsf he claims that the eavesdropping, warrant was improperly issued, and that it should be vacated. It is his position that the Legislature intended to confer upon the Criminal Court full jurisdiction to hear and determine all issues in misdemeanor cases, even where it means that a Judge of this court may exclude, as fruit of the poisoned tree, evidence emanating from the exe *100 oution. of an improperly issued eavesdropping warrant. The People, on the other hand, say that this would constitute illegal usurpation by a lower court Judge of the function of a superior court, giving him authority to do in appellate review that ¡which he could not have done in the first instance. The District Attorney requests that the particular issue be referred to the Supreme Court for hearing and determination.
No decisions have been found on the specific issue. This is understandable, when one considers the newness of the Criminal Procedure Law and the many substantive and procedural changes which it ¡brought about. However, the basic principle —whether a lower court may review a higher court’s action— is not new. A century ago New York City’s notorious “ Boss ” Tweed contested the legality of multiple penitentiary sentences and fines, on various misdemeanors which had been lumped into a single indictment. On the dispute as to jurisdiction, whether habeas corpus relief belonged in the ¡Supreme Court or in the Court of Oyer and Terminer (in which Tweed had been tried), the Court of Appeals said, in People ex rel. Tweed v. Liscomb (60 N. Y. 559, 568): “ It is no new feature in the law that inferior magistrates may, when thereunto called, sit in judgment upon the jurisdiction of the highest courts, when their process or judgments come collaterally before them.”
Judge David T. Gibbons cited Tweed in 1963 in People v. Kissinger (40 Misc 2d 273) sustaining the right of the Nassau County District Court to review a Supreme Court search warrant in order to avoid multiplicity of motions in different courts at different times. “ Jealous preservation of judicial status,” he said (p. 274), “ should not be a factor of greater importance than the efficient administration of justice.” A similar ruling was made — this time in relation to a wiretap order under the Code of Criminal Procedure — in People v. Machlowitz (49 Misc 2d 358) in 1966. Four years later Judge David 0. Boehm, in People v. Gray (61 Misc 2d 769) held the other way, ruling that, as a County Court Judge, he lacked the authority to controvert a Supreme Court search warrant. No doubt he relied on precedents that had developed between 1963 and 1970, and he discussed People v. Gatti (16 N Y 2d 251 [1965]) to the effect that under the Code of Criminal Procedure a motion to contravene a search warrant belonged in a separate proceeding before the Judge who had issued it, as against a motion to suppress evidence, which had to be considered in the court in which the defendant was to be tried. Judge Boehm also referred to the suggestion made by the Appellate Division *101 in the Second Department in 1967, in People v. Ortiz (27 A D 2d 392) that the Legislature strengthen the orderly adjudication of criminal actions by combining these two motions in one proceeding in one court. This is exactly what the Legislature did in the Criminal Procedure Law when it replaced the Code of Criminal Procedure in 1971. The new law combines both types of motions into one in article 710. In just such a proceeding under the new law Judge Harold Spitzer, in October of 1973, in People v. Fusco (75 Misc 2d 981) held that the Nassau County Court, in which a certain indictment was pending, was the proper forum for determining a motion to review a number of wiretap orders that had been granted by higher court Judges. He cited section 710.50 (subd. 1, par. [a]) of the Criminal Procedure Law in support of his position that it was no longer necessary to present the issue to the Judges who had authorized the interceptions.
The kind of authority that is granted to Judges of the County Court by the above-cited subdivision is also given to Judges of the lower criminal courts. However, the lower courts do not have the power to issue eavesdropping warrants * * * a power which is given to County Court Judges by section 700.05 (subd. 4) of the Criminal Procedure Law. This lack of authority is what distinguishes the case at issue from Fusco, and makes this a case of first impression. This is why this court must refer back to Tweed in citing the basis for its determination.
In listing the particular courts in which motions to suppress evidence must be made, section 710.50, in subdivision 1 (par. [c]) says that “If * * * a misdemeanor complaint is pending in a local criminal court, the motion must be made in such court.” Included among the items of evidence that may be subject to suppression (see CPL 710.20, subd. 2) are records or potential testimony ‘ ‘ reciting or describing declarations or conversations overheard or recorded by means of eavesdropping, obtained under circumstances precluding admissibility thereof in a criminal action ”. This is just what the defendant has in mind at this time. In the Practice Commentary with respect to section 710.50 (subd. .1, par. [c]) Richard G-. Denzer explains (McKinney’s Cons. Laws of N. Y., Book 11A, p. 290) that “when the charge is a misdemeanor or a petty offense alleged in an information or misdemeanor complaint pending in a local criminal court — in which case there is no indication that the action or offense will ever be handled by a superior court ” the motion is made in the local criminal *102 court. No indication of potential handling by a superior court is found in this proceeding against Hugo Sossa.
Careful scrutiny fails to reveal any exceptions or any special provisions in the Criminal Procedure Law diminishing the mandate of the above-cited sections.
Surely the Judges of the Court of Appeals, in 1875, intended no disparagement of the judicial qualifications of those sitting in the lower criminal tribunals when they referred to them as “ inferior magistrates”. If they had held them in the poor regard that the naked term might imply, they would not have trusted them to ‘1 sit in judgment upon the jurisdiction of the highest courts ”. As for the current situation, it might be well to note, in passing, tangible indicia of the good regard in which Judges of the Criminal Court are held: for one thing, their assignment to sit in the Supreme Court is authorized by our State Constitution (in art. VI, § 26, subd. g); for another, a good many Judges of this court are actually holding court, on a full-time basis, in that court, with the same jurisdiction and authority as the Justices who have been duly elected to the Supreme Court.
In sum, it is the court’s conclusion that the case at issue is one in which “ inferior magistrates ” are called upon to sit in judgment upon the jurisdiction of higher courts, when their process or judgments come collaterally before them (see Tweed, supra). Accordingly, the prosecution and the defense aré required to produce for consideration and review by this court, at a hearing to be scheduled at the convenience of the parties and of the court, all relevant records and testimony involved in the defendant’s motion to suppress evidence, including all matters that relate to the basis and justification for issuance of the eavesdropping warrant discussed above.