Eugene W. Bebgin, J.
The within motion was brought on by the defendant for an order, pursuant to article 710 of the CPL quashing an eavesdropping warrant and suppressing evidence seized.
On October 5,1973 I was the issuing Magistrate for an eavesdropping order and warrant. As a result of that order, the defendant, Kenneth Guenther, has been charged with six counts of promoting gambling in the second degree, in violation of section 225.05 of the Penal Law. The alleged violations are misdemeanors and pending in the City Court, City of Rochester, Monroe County, New York. The defendant has pled “ not guilty” to all charges.
On January 23, 1974 a motion was brought before the Honorable Alphonse L. Cassetti, Rochester City Court Judge, for orders quashing the eavesdropping warrant, granting discovery and inspection and directing the production of a bill of particulars.
In the order of the Honorable Alphonse L. Cassetti, it was stated: “ ordered, that any and all motions regarding the eavesdropping warrant herein be heard by the Honorable Eugene W. Bebgin, Judge of the County Court, County of Monroe ”.
The City Court Judge did order that the defendant be afforded an opportunity to listen to any tape recordings recorded pursuant to the execution of the eavesdropping warrant and that the District Attorney furnish certain particulars requested by the defendant.
On March 20, 1974 the within motion was brought on before this court for a hearing.
The question presented is whether the trial court or the issuing Judge is the proper forum to determine all motions regarding the eavesdropping warrant.
*645 Under the former Code of Criminal Procedure contravention procedures were proscribed in section 807, which provided: “ If the grounds upon which the warrant be issued be controverted, the judge, justice or magistrate must take testimony in relation thereto.”
In the case of People v. Gray (61 Misc 2d 769, 772), decided under former law, the court held that a warrant must be controverted only before the issuing Magistrate.
Our present CPL 710.20 provides that evidence may be suppressed or excluded upon the ground that it: “2. Consists of a record or potential testimony reciting or describing declarations or conversations overheard or recorded by means of eavesdropping, obtained under circumstances precluding admissibility thereof in a criminal action against such defendant.”
With regard to where such motions must be made, CPL 710.50 provides as follows: “ 1. The particular courts in which motions to suppress evidence must be made are as follows: * * * (c) If an information, a simplified information, a prosecutor’s information or a misdemeanor complaint is pending in a local criminal court, the motion must be made in such court.”
The Commission Staff Comments under CPL 710.50 state (McKinney’s Cons. Laws of N. Y., Book 11A, CPL, p. 290): “ Only when the charge is a misdemeanor or a petty offense alleged in an information * * * pending in a local criminal court — in which case there is no indication that the action or offense will ever be handled by a superior courts-is the motion made in the local criminal court (par. c).”
People v. Fusco (75 Misc 2d 981), decided by the County Court, Nassau County, involved a motion to contravene a wiretap order and whether or not the motion ought to be referred to the issuing Judge or Justice. In the Fusco case the defendant cited People v. Gray (61 Misc 2d 769), in support of his position. The court noted that Gray was decided before the present CPL came into effect, and held that it is the trial court, and not the issuing Judge, Justice or Magistrate, which possesses the jurisdiction to hear and decide motions made pursuant to article 710 of the CPL.
In Fusco, the reviewing court had the statutory authority to issue an eavesdropping warrant. In the instant case however, the result of referring this motion to the trial court would be to give review to a Justice who lacks the authority to issue the eavesdropping warrant. This specific issue was before the court in People v. Sossa (77 Misc 2d 98).
*646 In Sossa, an eavesdropping warrant was issued by a New York Supreme Court Justice; after a preliminary hearing all charges were reduced to misdemeanors and, as a result, final jurisdiction was in the Criminal Court of the City of New York, Kings County. The defendant, pursuant to article. 710 of the CPL, moved for the suppression of evidence alleging that the warrant was improperly issued.
The defendant in the Sossa case argued that the intent of article 710 is to confer upon the Criminal Court full'jurisdiction to hear and determine all issues involving misdemeanor charges even if the result would be that the local criminal court would exclude evidence emanating from an improperly issued eavesdropping warrant. The prosecution argued that allowing the trial court to hear and determine such motions would be a usurpation of power by a lower court, effectively giving the lower court appellate review of a superior court.
Judge Canudo in Sossa held that even though- an“ inferior magistrate ” lacks the statutory authority to issue an eavesdropping warrant he has the right and authority under current law to review the basis for the issuance of an eavesdropping warrant.
Under the present statutory law there is no procedural distinction between a motion to contravene the issuance of a warrant and a motion to suppress evidence.
It is clearly the legislative intent that all issues and motions be determined in a single proceeding.
It is the opinion of this court that the trial court possesses the jurisdiction under the present CPL to hear all motions pursuant to article 710, and that motions made herein are referred to the Trial Judge for such action as he deems appropriate.