Oscar Murov, J.
This is a motion by the defendant, Gregory Lee Bradford, for an order vacating and setting aside a search warrant and suppressing all property and information obtained as a result thereof.
The warrant is challenged as overbroad in that it directs in addition to the seizure of specified property, "any evidence tending to prove other robberies”. A direction in the warrant authorizing a "night-time” and "no-knock” search is protested by the defendant as unsupported by probable cause.
The warrant in issue particularly directs the search for the following property: "Sawed-off shotgun or rifle, Ralph Braun leather wallet containing identification of Arthur Markners, and an electric Timex gold wrist watch with a flex band and a calendar on the band. Any evidence tending to prove other robberies.”
The return shows that the property actually seized consisted of "Red wool ski mask, two Halloween masks, box of 12 Ga shotgun shells, (21) twenty-one and four 410 ga shells, receipt from Lands End Marina & Motel”.
The affidavit upon which the court relied for the "night search” and "no-knock” directions describes the premises to be searched as being occupied by Gregory Bradford and Virginia Salmiery. In the request for the authorizations it is averred by the applicant that the defendant’s whereabouts are unknown and that he might return at any time. The applicant avers also that information he has received from the defendant’s family revealed that the defendant could become dangerous.
The People resist a granting of defendant’s motion maintaining that the search warrant is valid on its face and supporting affidavit. They consent, however, to a hearing to controvert the warrant to determine factual questions as to the warrant.
The Fourth Amendment provides that "no warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or thing to be seized.” The fundamental protections of the Fourth Amendment are guaranteed by the Fourteenth Amendment against invasion by the States. (Wolf v Colorado, 338 US 25; Mapp v Ohio, 367 US 643; Ker v California, 374 US 23). The sentiment expressed therein is *322 incorporated in the Criminal Procedure Law of the State of New York (CPL 690.35, 690.40, 690.45).
Subdivision 3 of CPL 690.45 provides that the property which is the subject of the search be described. In my opinion, the last sentence of the property description is much too broad. Too much is left to the discretion of the executing offers. As Justice Butler stated in Marron v United States (275 US 192, 196): "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.” (See also People v Coletti, 39 Misc 2d 580.)
Must a warrant, otherwise valid on the face of it, fall because it is defective for lack of specificity in some respect? The question of the severability of overly broad language in a search warrant is thoroughly treated in People v Mangialino (75 Mise 2d 698). The court developed a line of reasoning drawing from Federal cases and decisions of the courts of sister States and finally answered the question in the negative. Recognizing the inherent danger of upholding warrants essentially general in character but specific as to minor items, the court recommended that such a circumstance should be treated as an exception to the rule of severability. The Mangialino warrant was finally upheld with the overly broad language deemed severable "because no articles other than those particularly described in the warrant were seized”.
Such is not the case herein. Here nothing particularly described was seized. Defendant was not arrested at the time of the search and the seizure may not, therefore, be characterized as incidental to a lawful arrest. (Weeks v United States, 232 US 383.)
Section 807 of the Code of Criminal Procedure provided as follows: "If the grounds on which the warrant was issued be controverted, the judge, justice or magistrate must take testimony in relation thereto.”
The section was construed to limit the bringing of a motion to controvert a warrant to the issuing magistrate (People v Gray, 61 Misc 2d 769).
This rule was not carried over into the CPL. Judge Boehm of the Monroe County Court who declined to review the validity of warrant issued by another Judge under the Code *323 (Code Grim Pro, § 807) in Gray, unhesitatingly accepted jurisdiction to review after adoption of the CPL (People v Mangialino, supra).
In view of the foregoing, the court determines it has the power to entertain the motion to controvert this warrant which was issued by a Judge of the Suffolk County District Court and finds said warrant to be hopelessly tainted by a general direction therein. Severance of the offending sentence from the balance of the warrant would be inappropriate in this case and said warrant is hereby declared invalid as lacking in specificity. The court does not reach the questions of probable cause regarding the "night-time” search and "no-knock” authorizations in said warrant.
Accordingly, it is the order of the court that defendant’s motion to controvert the warrant and for suppression of the evidence seized thereunder is granted without a hearing. The warrant is invalid on its face and supporting affidavit and the People’s affidavit in opposition to the motion fails to raise a triable issue of fact with respect thereto.